F. W. WOOLWORTH CO. *v.* UNITED STATES (No. 4148) [1]

---

[1] C. A. D. 10.

United States Court of Customs and Patent Appeals, October 31, 1938

*Sharretts & Hillis* (*Arthur L. Tallman* of counsel) for appellant.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard F. Weeks*, special attorney, of counsel), for the United States.

[Oral argument October 7, 1938, by Mr. Tallman and Mr. Lawrence]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court: [2]

The question involved in this appeal from the judgment of the First Division, United States Customs Court, is the timeliness of appellant's protest. The facts are not in dispute and those which we deem material to the decision of the issue are as follows:

Appellant's entry 8455 included among other things, rubber play balls called beach balls, tennis rackets, and earthenware. The entry was at first liquidated by the collector and the total amount of duties found to be $1,428.64. The beach balls and tennis rackets were classified as toys and assessed with duty at 70 per centum ad valorem under paragraph 1513 of the Tariff Act of 1930. The collector noticed that he had miscalculated the duty and arrived at the wrong amount and wrote to the Treasury Department about it. After being directed by the Treasury Department to reliquidate under the authority relating to "Clerical Error," in section 520 (a) (3) of said act, the collector liquidated on seven cases containing thirty-six dozen pieces each of earthenware instead of on one case containing thirty-six dozen pieces, as he did in the original liquidation, and assessed the merchandise with a duty of 10 cents per dozen pieces, which amounted to an increase of $21.60 in the amount of duty on the earthenware. The entry clearly showed seven cases instead of one, each of which cases contained thirty-six dozen pieces. The collector also found that the correct value in dollars shown by the entry papers was $795 instead of $794. The exact means of arriving at this figure by the collector is not clearly shown by the entry papers. Nevertheless, he added 70 cents to the duty on the beach balls, representing 70 per centum of $1. The new exaction therefore amounted to $21.60 plus 70 cents or $22.30. No change whatever was made by the reliquidation in rate or amount of duty on the tennis rackets.

Within sixty days after the reliquidation but more than sixty days after the first liquidation, the importer, by the two protests which are involved here, protested the action of the collector—one protest,

---

[2] JACKSON, Judge, took no part in the consideration or decision of this case.

No. 669011–G/19085, being directed against the action of the collector relating to the tennis rackets, and the other protest, No. 669012–G/19084, being directed against his action relating to the beach balls. The parts of the two protests which are material here are as follows:

PROTEST No. 669011–G/19085

NEW YORK, *September 22, 1933.*

COLLECTOR OF CUSTOMS,
    *Port of Boston, Mass.*

SIR: Protest is hereby made ·against your decision assessing duty at 70% under Par. 1513, or other rate or rates, on Tennis rackets, and all other merchandise so assessed covered by entries named below. The reasons for objections, under the Tariff Act of 1930, are that said merchandise is properly dutiable at 30% under Par. 1502.

\*          \*          \*          \*          \*          \*          \*

PROTEST No. 669012–G/19084

NEW YORK, *September 22, 1933.*

COLLECTOR OF CUSTOMS,
    *Port of Boston, Mass.*

SIR: Protest is hereby made against your decision assessing duty at 70% under Par. 1513, or other rate or rates, on Play balls, and all merchandise so assessed, covered by entries named below. The reasons for objections, under the Tariff Act of 1930, are that said merchandise is properly dutiable at 30% under Par. 1502.

At the trial of the case, the Government moved to dismiss the protests as untimely. The trial court sustained the motion of the Government and dismissed the protests and appellant has here appealed from the judgment of dismissal.

Section 514, Tariff Act of 1930, relating to protests against the collector's decisions, reads as follows:

SEC. 514. PROTEST AGAINST COLLECTOR'S DECISIONS.

Except as provided in subdivision (b) of section 516 of this Act (relating to protests by American manufacturers, producers, and wholesalers), all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth

distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. *The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.* [Italics ours.]

The last sentence is a new provision in customs statutes.

The decision of the trial court in dismissing the protest was based upon the conclusion that "neither the classification nor the assessment of duty upon the rubber balls and tennis rackets covered by the entry was affected by the reliquidation" and that under such circumstances appellant had no right to protest and raise the questions which he should have raised by protest to the original liquidation.

Appellant argues here, and, according to its petition for rehearing filed below, argued to the trial court, that since the collector in his reliquidation raised the amount of duties on two items, one only of which is involved in the protests at bar, every question which could have been raised against the original liquidation, as well as those which would arise from the changes made in the reliquidation, were subject to protest within sixty days of the reliquidation. We quote from appellant's brief, as follows:

A comparison of the figures of the two liquidations shows that on the second liquidation two changes were made, namely, duty at the rate of 10 cents per dozen pieces was taken on 252 dozen pieces of earthenware instead of 36 dozen pieces, and that a duty of $1,390.20 was exacted on the merchandise assessed at 70 percent whereas on the first liquidation the duty exacted on the merchandise assessed at 70 percent was only $1,389.50.

It is at once apparent that an additional duty was exacted on the second liquidation or reliquidation on the merchandise covered by the protests in suit.

Both of the changes made on the second liquidation resulted in an increase in the amount of duty on the merchandise affected. Neither change affected the classification of the merchandise.

  *    *    *    *    *    *    *

Appellant contends that the increase in the duty on the reliquidation on the merchandise covered by the protests in suit was a question which under Section 514 gave the importer the right to file the protests. Even if there were no change in the amount of duty, the action of the collector in reliquidating the merchandise in question (even though he simply repeated his figures) clearly would make his action a question involved in the reliquidation.

We are in disagreement with the contention made by the importer and think that the trial court correctly decided the issue. It is true that the collector on his reliquidation took more duty on the earthenware, which is not involved in these protests but which was a part of the merchandise entered in the entry under consideration. It is also true that he corrected his figures in computing the duty on appellant's entered value of the beach balls and increased the amount by 70 cents. In no instance did he change the classification nor did he do anything else which either of appellant's protests at bar objects to. In each instance the protest objects to the classification under para-

graph 1513 at 70 per centum. The goods were not reclassified under any other paragraph or at any other rate in the reliquidation. The collector did nothing more than to correct an error which appeared on the face of the entry. The protests are not directed to these changes made by this correction.

We think that one of the things Congress had in mind when it added the new language in section 514 above quoted was exactly this kind of situation. One of the intended purposes of the legislation was to enable the customs authorities to correct error and leave these corrections subject to protest but not to open up for protest, after the sixty days from the original liquidation had expired, questions which could have been protested within sixty days from the prior liquidation.

In this view we are supported by the following statement found in the report of the Committee on Ways and Means of the House of Representatives when the bill which became the Tariff Act of 1930 was submitted to the House:

Under the existing law, it has been held that a reliquidation opens up the whole entry to protest. It is thus possible for an importer having an entry with a large number of items to protest one item at a time and thereby keep the entire entry from final liquidation indefinitely. Your committee proposes the imposition of a limitation that reliquidation of an entry will not open the entry to protest upon any question not involved in the reliquidation.

Attention has been called to certain decisions by this court relating to a second liquidation or reliquidation by the collector which hold in substance that such a reliquidation opens up the entire original liquidation of the entry for protest. No doubt these are the "authorities" to which reference was made in the trial court's opinion. These cases all relate to the right of protest on reliquidation under tariff acts in force prior to the enactment of section 514, *supra*, and are not in point here.

Appellant has assigned error against the action of the trial court in not granting its motion for rehearing. In view of our conclusion reached herein, it necessarily follows that the court committed no error in this respect.

The judgment of the United States Customs Court is *affirmed*.